HENRY H. HENDRICKS, Individually and as Executor of and Trustee under the Last Will and Testament of JOSHUA HENDRICKS, Deceased; also as Sole Surviving Executor of and Trustee under the Last Will and Testament of EDGAR HENDRICKS, Deceased, Respondent, *v.* HARMON W. HENDRICKS and HENRY H. HENDRICKS, as Executors, etc., of CLIFFORD B. HENDRICKS, Deceased, and Others, Respondents, Impleaded with HENRY S. HENDRICKS, Appellant.

*Will — provision that in case of the death of a child leaving issue, such issue " shall take by representation the share the parent would be entitled to if then living," construed as to rights in the share of a son dying without issue which the will gives to the " surviving sons."*

A testator, who was survived by his widow and three sons, devised his residuary estate to his executors with directions to convert the same into cash and pay to his wife during her life the income of three-eighths of the trust estate; to pay to his three sons three-eighths of the principal of the trust estate, share and share alike, and also to pay to said three sons two-eighths of the income of the trust estate until the death of his wife, and, upon the decease of his wife, to pay the principal of the then remaining five-eighths of his trust estate to such three sons, share and share alike.

The will further provided: " In case of the decease of either of my said three sons before the decease of their mother, leaving lawful issue, the issue of such deceased son shall take by representation the share the parent would be entitled to if then living, and in case of default of such issue then my said executors shall pay over to my surviving sons, equally, the portion of said trust property herein bequeathed to the son so dying without issue."

The testator's son Edgar B. Hendricks died subsequent to the testator, leaving surviving him an infant son. Thereafter the testator's son Clifford B. Hendricks died without issue. The widow still survives.

*Held,* that the infant son of Edgar B. Hendricks took only one-third of the income of two-eighths of the original trust estate and would take, on the death of the widow, only one-third of the principal of the remaining five-eighths;

That the testator's sole surviving son took the remaining two-thirds of the income of such two-eighths and after the death of the widow would take two-thirds of the principal thereof;

That the words "surviving sons," used in the quoted clause of the will, did not mean "surviving sons and the issue of any deceased son."

O'BRIEN and McLAUGHLIN, JJ., dissented.


APPEAL by the defendant, Henry S. Hendricks, by Grosvenor Nicholas, his guardian ad litem, from so much of a judgment of the Supreme Court in favor of the plaintiff and certain of the defendants, entered in the office of the clerk of the county of New York on the 18th day of July, 1902, upon the decision of the court rendered after a trial at the New York Special Term as adjudges :

" I. That upon the death of the said Clifford B. Hendricks (to wit, the fourteenth day of January, one thousand nine hundred and one), the plaintiff Henry H. Hendricks became entitled, in his individual capacity during the lifetime of the said Emma B. Hendricks, to the income of four-fifteenth parts of the capital of the property remaining undistributed in the hands of the said plaintiff as surviving executor and trustee aforesaid.

" II. That the infant defendant, Henry S. Hendricks, is entitled during the lifetime of said Emma B. Hendricks to the income of two-fifteenth parts of the capital of the property remaining undistributed in the hands of the said plaintiff as surviving executor and trustee aforesaid.

" III. That in case the plaintiff, Henry H. Hendricks, shall survive the said Emma B. Hendricks, he will, upon her death, become entitled in his individual capacity to two-third parts of the capital of the property remaining undistributed in the hands of the plaintiff

First Department, January Term, 1903. [Vol. 78.

as executor and trustee aforesaid; and in case the said infant defendant, Henry S. Hendricks, shall survive the said Emma B. Hendricks, he will, upon her death, become entitled to one-third part of the capital of the property remaining undistributed in the hands of the said plaintiff as executor and trustee aforesaid."

The 4th and 5th clauses of the testator's will are as follows:

" *Fourth.* All the rest, residue and remainder of my estate, both real and personal, of every nature and description of which I may die seized, possessed or entitled to, I order and direct my executors to sell and convert into cash, at such time or times and upon such terms as they may think best for the interest of my estate, and I give and bequeath the same to my executors hereinafter named, to have and to hold the same in trust, to invest and keep the same invested in such securities as they may deem safe, and to receive the interest and income thereof, and pay over the same as follows:

" I. To pay to my wife, Emma B. Hendricks, five-eighths of the income of my estate, until the decease of her mother, Mrs. Rachel Brandon, when my said executors shall thereafter pay to my said wife, during her life, the income of three-eighths of my said trust estate.

" II. To pay equally to my three sons, Edgar B. Hendricks, Henry H. Hendricks and Clifford B. Hendricks, three-eighths of the income of my trust estate, during the lifetime of said Rachel Brandon, and upon her decease to pay three-eighths of the principal of said trust estate to my said three sons, share and share alike.

" Should said Rachel Brandon survive my wife, then upon the decease of my wife, to pay the principal of three-eighths of said trust estate equally to my said three sons.

" III. From and after the decease of said Rachel Brandon and until the decease of my said wife, to pay to my said three sons two-eighths of the income of said trust estate; and upon the decease of my said wife to pay the principal of the then remaining five-eighths of my said trust estate to my said three sons, share and share alike.

" *Fifth.* In case of the decease of either of my said three sons before the decease of their mother, leaving lawful issue, the issue of such deceased son shall take by representation the share the parent would be entitled to if then living, and in case of default of such issue, then my said executors shall pay over to my surviving sons,

equally, the portion of said trust property herein bequeathed to the son so dying without issue."

*Grosvenor Nicholas*, for the appellant.

*Samuel Riker, Jr.*, for the respondent.

LAUGHLIN, J. :

The object of the action is to obtain a construction of the will of Joshua Hendricks, who died on the 3d day of June, 1893. After providing for the payment of his debts and certain legacies, the testator devised and bequeathed all the rest, residue and remainder of his estate to his executors in trust, to sell and convert the same into cash, and to invest and keep the proceeds invested, and to receive the interest and income and pay the same over as therein provided.

The question presented by the appeal relates to the provisions with reference to the payment of this income and the ultimate disposition of the principal under this residuary clause. At the time the will was made the testator's three sons, his wife and mother-in-law were living, and he provided for all of them. The wife survived, but the mother-in-law predeceased the testator. In that event he directed the payment of three-eighths of the principal to his sons in equal shares. Prior to that time they were to receive three-eighths of the income. He further directed that after the death of his mother-in-law two-eighths of the income of the trust estate be paid to his three sons during the life of his widow and three-eighths of the income to the widow. During the life of his mother-in-law he had provided for the payment of five-eighths of the income to his widow. It will be observed that during the life of his mother-in-law he had specifically provided for the payment of the entire income, five-eighths to his widow and three-eighths to his sons, and upon the death of the mother-in-law he directed the payment of three-eighths of the principal to his sons. This left only five-eighths of the principal, and subsequently, during the life of the widow, the specific disposition of the income was three-eighths to her and two-eighths to his sons. It is evident that by these provisions he intended to dispose of the remaining income which was upon five-eighths of the original trust fund, and we do not understand that

this is questioned. He then provided that upon the death of his wife the remaining five-eighths of the principal should be paid to his three sons, share and share alike. These provisions were contained in the 4th clause of the will. Then follows the 5th clause, which provides as follows:

"In case of the decease of either of my said three sons before the decease of their mother, leaving lawful issue, the issue of such deceased son shall take by representation the share the parent would be entitled to if then living, and in case of default of such issue, then my said executors shall pay over to my surviving sons, equally, the portion of said trust property herein bequeathed to the son so dying without issue."

All of the sons survived the testator, but subsequently one of the sons died without issue and another died leaving issue, the appellant, who is an infant. The trial court held that the appellant takes only one-third of the income of two-eighths of the original trust estate, and will take, at the death of the widow, only one-third of the principal, and that the testator's sole surviving son takes the remaining two-thirds of the income, and, after the death of the widow, who is still living, will take two-thirds of the remaining principal.

The appellant contends that he takes not only the third which his father would have taken if living, but also one-half of the third which his deceased uncle would take if living. We are of opinion that the trial court properly construed the will. It was manifestly the intention of the testator that the issue of any son who should die before the widow should take during her lifetime the third of the two-eighths of the income and at her death the third of the remaining principal previously and primarily devised to his parent; and that any son, surviving a son dying without issue, should take not only the interest previously and primarily devised to himself, but also the interest, including both principal and income, previously and primarily devised to such deceased brother. This construction gives full effect, we think, to all the language of the 5th clause of the will. The appellant, being the issue of a deceased son, takes the share that his parent would have taken if living; that is to say, the equal third share of the two-eighths of the income, and in the event of his surviving his grandmother, the testator's widow, one-third of

the remaining five-eighths of the principal. It will be observed that the testator makes no provision for the disposition of the share of a deceased son dying without issue until after he has provided for the issue of deceased sons. The disposition then made of the interest of a son dying without issue is that it shall go "to my surviving sons equally." Were it not for this specific provision as to the interest of a son dying without issue, the appellant's father, even if living, would not take any interest therein by virtue of the will. In that event there would be intestacy as to such interest. The construction contended for by the appellant requires us to hold that these words "surviving sons" means "surviving sons and the issue of any deceased son." This, we think, may not be done. This devise is only to surviving sons. Actual survival is essential to taking thereunder. The appellant's father cannot by any construction be held to be a "surviving" son. It follows, therefore, that the judgment should be affirmed, with costs to the parties appearing to be paid out of the estate.

Van Brunt, P. J., and Patterson, J., concurred; O'Brien and McLaughlin, JJ., dissented.

McLaughlin, J. (dissenting):

I am unable to agree with the conclusion reached in the prevailing opinion. I do not believe the testator intended to make the disposition of his property there stated, nor do I believe that the language used in his will sanctions the construction put upon it. This language is: "In case of the decease of either of my said three sons before the decease of their mother, leaving lawful issue, the issue of such deceased son shall take by representation the share the parent would be entitled to if then living, and in case of default of such issue, then my said executors shall pay over to my surviving sons, equally, the portion of said trust property herein bequeathed to the son so dying without issue." The son Edgar, it will be remembered, died on the 10th of December, 1894, leaving him surviving as his only issue the appellant herein. The son Clifford died without issue on the 14th of January, 1901. The question presented is what disposition did the testator make, under the clause of his will hereinbefore quoted, of so much of the *corpus* of his estate and the income therefrom as was given to Clifford. The plaintiff

contends that upon the death of Clifford without issue, he, as the surviving son of the testator, became entitled not only to the income of the share given to Clifford during the life of his mother, but on her death to the principal given to him.     The appellant contends that he, as the son of Edgar, is entitled to share equally with the plaintiff, not only in the income during the life of his grandmother, but, upon her death, in the principal sum.

That the appellant's contention is correct seems to me to necessarily follow from the manifest intent of the testator, as expressed by the language used in his will.     If Edgar were living, I take it no one would seriously contend but what he would take equally with the plaintiff in the share or portion given to Clifford.     If this be true, then I am unable to see why the son of Edgar does not occupy precisely the same position that he would have occupied had he lived.     The will, as I read it, so declares, and if we are to give effect to the words used, this must be done.     These words are : " The issue of such deceased son shall take *by representation* the share the parent would be entitled to *if then living.*"     The words " would be entitled to if then living " look to the future and express what the testator had in mind, viz., that at the time when the recipients of his bounty would become entitled to share in it, some of those named might have died, and if so, their issue, if any, were to step into their shoes.     This, it seems to me, is not only a reasonable, but the logical construction, if effect is to be given to all of the words used.     What the testator desired was to treat all of his sons alike, and if any of them should die that their issue should take precisely what the son would have taken had he lived.     Here, Edgar, had he lived, would have taken one-half of what was given to Clifford, and he having died prior to the death of Clifford I think that the appellant stands in Edgar's place, and, therefore, is entitled to share equally with the plaintiff in that interest.

I am of the opinion that the judgment should be reversed and a new trial ordered.

O'BRIEN, J., concurred.

Judgment affirmed, with costs to the parties appearing, to be paid out of the estate.